NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LINDA PERKINS,                          :

                    Plaintiff,          :

V                                       :        CIVIL ACTION NO. 05-3786 (JLL)

                                        :
CITY OF ELIZABETH, et al,               :        OPINION

                                        :
                    Defendants.         :

                                        :

**LINARES**, District Judge.

This matter comes before the Court on the motions of Defendants City of Elizabeth ("the

City"), Susan Ucci ("Defendant Ucci), and Oscar Ocasio ("Defendant Ocasio") (collectively

"Defendants") for summary judgment. (CM/ECF Dckt. No.'s 35, 36, & 37). After considering the

motion papers and hearing oral argument pursuant to Fed. R. Civ. P. 78, the Court concluded that

in order to better understand the legal arguments of counsel and put same in the proper context

additional factual submissions from the parties were necessary. The purpose of that approach was

an attempt by the Court to provide Plaintiff with a final opportunity to properly identify the

factual support for each of her alleged claims. On November 17, 2009, Plaintiff submitted

supplemental papers. (Dkt. No. 62). After reviewing the submission the Court determined that

Plaintiff failed to comply with the Court's order. Accordingly, the Court rejected Plaintiff's

supplemental filing and ordered Plaintiff to refile her supplementary papers. Once again, the

order provided detailed instructions regarding the information to be included, the information not

to be included, and the specific format to be used. (Dkt. No. 63). On November 25, 2009,

1

Plaintiff sought an extension to file her second supplemental submission. (Dkt. No. 64). The Court generously permitted Plaintiff until December 7, 2009 to file. (Dkt. No. 65). Plaintiff, however, filed her supplemental submission on December 8, 2009, which, yet again, failed to comply with this Court's detailed and specific instructions regarding content and format. Defendants filed timely responses to Plaintiff's supplemental submission. (Dkt. Nos. 69, 70, & 71).

## I.  BACKGROUND

After a painstaking review of Plaintiff's complaint, motion papers, and supplemental papers filed in support of her opposition to the motions, the Court finds said submissions to be convoluted, improperly cited, and difficult to comprehend. The essence of Plaintiff's complaint appears to be a that she was the victim of racial discrimination because she is African American. All of Plaintiff's claims appear to be based on this premise.

The following facts are undisputed unless otherwise noted:

Plaintiff is African American. Plaintiff was hired by Defendant the City of Elizabeth on July 23, 2001. Plaintiff and Defendants dispute whether Plaintiff was hired as a Senior Planning Aide or as a Program Monitor. In either case, Plaintiff's immediate supervisor during the relevant time period was Defendant Ucci. Defendant Ucci was supervised by Defendant Ocasio.

Plaintiff alleges that she was subjected to racial discrimination during her employment.

## II.  DISCUSSION

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324. In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Thus, the non-moving party may not rest upon the mere allegations or denials in its pleadings. See Celotex, 477 U.S. at 324. Further, the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment. See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999). The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party. See Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Plaintiff's operative complaint, the second amended complaint, states seven claims for relief.[1] Claim one is a § 1983 claim. Claim two is a § 1981 claim. Claim three is a Title VII claim. Claim four asserts a claim under the New Jersey Law Against Discrimination (hereinafter,

---

[1] Plaintiff's complaint is convoluted and, as a result, it is difficult to ascertain which claims are being leveled against which Plaintiffs. For this reason, on two separate occasions, the Court ordered Plaintiff to provide the Court with a separate document for each defendant. (See CM/ECF Nos. 61 & 63). Said document was to list each claim leveled against that particular defendant with a citation to the complaint. Plaintiff failed to comply with this order on both occasions. Furthermore, Plaintiff's supplemental submission lists several causes of action that the Court does not construe the operative complaint as containing, namely a §1983 Due Process claim. The mandated supplemental submission was not an opportunity for Plaintiff to assert additional claims. Rather, the intended purpose of the supplemental submission was to allow Plaintiff an additional forum in which to clarify what specific *evidence* Plaintiff offered in support of the claims she asserts in her amended complaint.

3

"NJLAD"). Claim five asserts a claim for intentional infliction of emotional distress.[2] Claim six asserts a claim for retaliation. Claim seven is against "Defendant(s) Jon and Jane Does . . . who together with the named defendants were responsible for the deprivation of plaintiff's rights."

Defendant Ucci and Defendant Ocasio move for summary judgment with respect to claims one, two, three, four, and five. Defendant City moves for summary judgment with respect to claims one, three, and four.

## A.    First Claim for Relief – Section 1983 Claims

Defendant Ocasio and Defendant City move for summary judgment with respect to Plaintiff's §1983 claims.[3]

Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To recover under § 1983, a plaintiff must show two elements: (1) the defendants acted under color of state law, and (2) their actions deprived the plaintiff of a right secured by the Constitution or federal statutes. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Here, the first prong has been satisfied as it is undisputed that each defendant is a state actor.   Therefore, the Court need only address the second prong. Plaintiff alleges that Defendant

---

[2] The Court dismissed Plaintiff's claim for Negligent Infliction of Emotional Distress as Plaintiff withdrew said claim at oral argument on October 19, 2009. (See CM/ECF No. 61).

[3] Plaintiff's claim against Defendant Ucci under 42 U.S.C. §1983 was dismissed with prejudice as counsel withdrew such claim during oral argument on October 19, 2009. (CM/ECF Dkt. No. 61).

Ucci violated her Fourteenth Amendment right to equal protection of the laws.    Plaintiff also

asserts a Monell Claim against Defendant City. Additionally, Plaintiff seeks to hold Defendant

City liable for the actions of Defendants Ucci and Ocasio under a theory of respondeat superior.

### 1.    Equal Protection Violation as to Defendant Ucci

Plaintiff's equal protection claim alleges that Defendant Ocasio denied Plaintiff equal

protection of the law by virtue of her race. (Compl. ¶ 30). Defendant Ocasio moves for summary

judgment for Plaintiff's failure to state such a claim.

The Fourteenth Amendment prohibits a state from "deny[ing] to any person within its

jurisdiction the equal protection of the laws." U.S. Const. amend XIV. In order to state a § 1983

equal protection claim, a plaintiff must "prove the existence of purposeful discrimination."

Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 151 (3d Cir.2005) (citing

Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir.1990)). Stated alternatively, the

plaintiff must demonstrate that he or she "received different treatment from that received by other

individuals similarly situated." Id.

Plaintiff offers the following proofs in support of her claim that Defendant Ocasio caused

plaintiff to be subjected to purposeful discrimination based in her race: (1) Defendant Ocasio

favored non-black co-workers over Plaintiff, (2) Defendant Ocasio Distributed assignments based

on race, (3) Plaintiff was subjected an abnormal performance review process, (4) Plaintiff was

mistakenly hired as senior planning aide rather than as a program monitor, and (5) Defendant

Ocasio singled out Plaintiff because of Plaintiff's sister's position.

The Court has reviewed the evidence provided in support of these allegations and finds that

no reasonable fact finder could find that said evidence demonstrates that Defendant Ocasio

purposefully discriminated against Plaintiff on the basis of her race. In responding to a properly pled motion for summary judgment, the burden lies on Plaintiff to identify evidence which supports or provides better context for each of Plaintiff's allegations, and to bring such evidence to the Court's attention. Plaintiff has not identified a single piece of evidence which supports or otherwise bolsters these particular acts of discrimination.   In fact, of the six allegations in support of her claim that Defendant Ocasio engaged in purposeful discrimination, only three allege racial discrimination.   Of those three allegations, one is merely a bald accusation with no citation to the record and the remaining two rely heavily on memorandum drafted by Plaintiff to Defendant Ucci and gross mischaracterization of deposition testimony. (See Exh. B to Pl.'s Supp. Sub.)   With respect to the memorandum, although said memorandum accuses Defendant Ocasio of mistreating Plaintiff, it does not indicate that such treatment was motivated by racial bias. Moreover, Defendant Ocasio is not named in the memorandum, nor was Defendant Ocasio a recipient of the memorandum.

It is not the Court's responsibility to sift through Plaintiff's submissions in an attempt to find evidence which supports or provides better context for each of Plaintiff's allegations. See, e.g., Albrechtsen v. Board of Regents of University of Wisconsin Sys., 309 F.3d 433, 436 (7th Cir. 2002) (" 'Judges are not like pigs, hunting for truffles buried in' the record.").   Plaintiff has had four opportunities to present the Court with evidence in support of her claims: (1) in her opposition papers, (2) at oral argument, (3) in her first supplemental filing, and (4) in her second supplemental filing. In each instance Plaintiff failed to provide the Court with record evidence either because she provided improper citations, no citations, or because she grossly mischaracterized the supporting documentation and testimony. Plaintiff may not rely on unsupported assertions, bare allegations, and speculation to support her claim that she suffered intentional discrimination. See

6

Ridgewood,172 F.3d at 252.


For these reasons, Defendant Ocasio's motion for summary judgment on Plaintiff's equal protection claim is GRANTED. Such claim is DISMISSED with prejudice.

### 2.   **Monell Claim**

Under Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a plaintiff may only assert a § 1983 claim against a municipality if a policy, custom, regulation, or decision adopted by the municipality caused a constitutional violation.   Here, Plaintiff argues that the City's failure to adequately train and supervise Defendant Ucci resulted in Defendant Ucci violating Plaintiff's right to Equal Protection. (Compl. ¶ 31).   Having found that Plaintiff failed to establish a Constitutional violation, the Court grants Defendant City's motion for summary judgment.

### 3.   **Respondeat Superior**

Plaintiff also seeks to hold the City liable under § 1983 for the actions its employees – Defendants Ucci and Ocasio. (Compl. ¶ 32). However, "[a] municipality cannot be responsible for damages under § 1983 on a vicarious liability theory." Carswell v. Borough of Homestead, 381 F.3d 235, 244 (3d Cir.2004); see also Leatherman v. Tarrant County, 507 U.S. 163, 166 (1993) ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory."). Thus, even if Plaintiff had satisfactorily alleged a constitutional violation on the part of either Defendant Ucci or Defendant Ocasio, such claims would be dismissed with prejudice as to Defendant City because a municipality cannot be held vicariously liable for the actions of its employees.

### B.   **Second Claim for Relief – Section 1981 Claims**

In Jett v. Dallas Independent School District, 491 U.S. 701 (1989), the Supreme Court held

that the exclusive federal remedy against state actors for the violation of rights guaranteed in

§ 1981 is 42 U.S.C. § 1983. In other words, "while § 1981 creates rights, § 1983 provides the

remedy to enforce those rights against state actors." McGovern v. City of Philadelphia, 554 F.3d

114, 116 (3d Cir. 2009).   Therefore, Plaintiff was required to bring her § 1981 claims via § 1983,

rather than as a separate cause of action. Accordingly, Plaintiff's second claim for relief, the

independent § 1981 claim, is dismissed with prejudice as to all defendants.[4]

## C.   Third Claim for Relief – Title VII Hostile Work Environment[5]

Defendant Ucci, Defendant Ocasio, and Defendant City each move for summary judgment

with respect to Plaintiff's Title VII claim.

### 1.   Defendants Ucci & Ocasio

Title VII does not provide a basis for individual liability.   See e.g., Dici v. Commonwealth

of Pa., 91 F.3d 542, 552 (3d Cir.1996) (granting summary judgment to individual defendants on

plaintiff's Title VII claims because "individual employees cannot be held liable under Title VII");

Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1077 (3d Cir. 1996) ("[T]he clear

majority of the courts of appeals . . . have held that individual employees cannot be held liable

---

[4] To the extent that the complaint can be construed to bring a § 1983 claim based on § 1981 against
Defendant City, the Court finds that said claim would fail as Plaintiff has failed to show that
Defendant City engaged in intentional discrimination based on Plaintiff's race. Brown v. Philip
Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (listing the elements of a prima facia § 1981 claim).

[5] Plaintiff's supplemental submission lists Title VII claims that are not contained in the complaint,
namely (1) a harassment claim and (2) a discrimination claim.   Plaintiff had ample opportunity to
amend the complaint to specifically assert such claims, yet failed to do so. The required
supplemental submission was not an opportunity for Plaintiff to assert additional claims.   Rather,
the intended purpose of the supplemental submission was to clarify the specific *evidence* Plaintiff
offered in support of the specific claims she asserts in her amended complaint.

under Title VII"), vacated on other grounds, 74 F.3d 1439 (3d Cir. 1996) (en banc).    As a result, the Court grants summary judgment as to Plaintiff's claims against Defendants Ucci and Ocasio under Title VII.

### 2.    Defendant City

In order to make out a claim of harassment under Title VII or the NJLAD, a plaintiff must show that "(1) [s]he suffered intentional discrimination [based on a protected category]; (2) the discrimination was pervasive and regular, (3) it detrimentally affected [her]; (4) it would have detrimentally affected a reasonable person of the same protected class in [her] position; and (5) there is a basis for vicarious liability." See Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir.2001) (stating standard for hostile work environment under Title VII).

Here, again, Plaintiff mainly relies on unsupported assertions, bare allegations, and speculation to support her claim that she suffered intentional discrimination. See Ridgewood Bd. of Educ.,172 F.3d at 252 (the non-moving party cannot rely on unsupported assertions, bare allegations, or speculation to defeat summary judgment). However, Plaintiff does point to three specific facts in support of her claim.

First, Plaintiff alleges that Defendant Ucci "thrust a monkey in front of Plaintiff and called her a monkey" (Pl. Supp. Sub. p. 17).    Plaintiff does not allege that Defendant Ucci, or anyone else for that matter, engaged in said conduct again. Even when accepting this allegation as true, the Third Circuit has held that "isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim." Caver v. City of Trenton, 420 F.3d 243, 262 (3d Cir.2005) (internal quotation marks and citation omitted). Rather, the conduct complained of must be so extreme as to alter the terms and conditions of employment. Id. at 262-63. Here, although the conduct alleged is reprehensible and inexcusable, Plaintiff fails to allege or point to facts in the

9

record that indicate how this conduct, albeit reprehensible, altered the terms and conditions of her employment.

Second, Plaintiff alleges that Defendant Ucci "talked down to Plaintiff and other African Americans under her supervision" (Pl. Supp. Sub. p. 17).   Here, Plaintiff cites to several deposition colloquies concerning Defendant Ucci's interactions with various employees.   Even considering these interactions in the light most favorable to the Plaintiff – that is, finding that Defendant Ucci did in fact talk down to her employees – the issue of race never enters into any of the colloquies. Therefore, this allegation, even when taken in the light most favorable to the Plaintiff, fails to establish that Plaintiff was intentionally discriminated against because she is African American.

Finally, in support of her claim that she was intentionally discriminated against on the basis of her race, Plaintiff alleges that Defendant Ucci "moved plaintiff's desk to a drafty cold area." Id.   Again, even when viewed in the light most favorable to Plaintiff, she fails to demonstrate how this is evidence of intentional discrimination based on her race.

Thus, even when the conduct complained of by Plaintiff is viewed not in isolation but under the totality of the circumstances, Plaintiff has failed to raise a material issue of fact as to whether she suffered intentional discrimination because she is African American.   While unfortunate, these instances do not rise to the type of extreme harassment that changed the terms and conditions of her employment.   Fuentes v. Borough of Watchung, 286 Fed.Appx 781, 784 (3d Cir. 2008) (citing Caver, 420 F.3d at 262-63). Accordingly, the Court grants Defendant City's

motion for summary judgment with respect to Plaintiff's third claim for relief with prejudice.[6]

**D.     Fourth Claim for Relief – Discrimination under the NJLAD**

With regard to Plaintiff's claims under NJLAD, the Third Circuit has held that the elements

for a hostile work environment claim under NJLAD "closely resemble the first four elements of [a]

Title VII hostile work environment claim." Cardenas, 269 F.3d at 263. Therefore, the reasoning

above regarding Title VII liability applies equally to NJLAD liability as well, and Plaintiff's

failure to show racial motivation on the part of any of the Defendants mandates the dismissal of her

fourth claim for relief with prejudice.

**E.     Fifth Claim for Relief – Intentional Infliction of Emotional Distress**

Generally speaking, to establish a claim for intentional infliction of emotional distress

("IIED"), the plaintiff must establish intentional and outrageous conduct by the defendant,

proximate cause, and distress that is severe. Buckley v. Trenton Saving Fund Soc., 544 A.2d 857,

863 (N.J. 1988). At the summary judgment stage, if Plaintiff fails to make a sufficient showing

regarding an essential element of her case upon which he or she will bear the burden of proof at

trial, all other facts are necessarily immaterial and summary judgment must be granted. Celotex,

477 U.S. at 321. Here, Plaintiff bears the burden at trial of proving that Defendant's actions were

the proximate cause of her emotional distress. In support of this element Plaintiff offers a single

piece of evidence -- a "medical record from St. George Behavioral Care" which states that

Plaintiff's "clinical condition is exacerbated by the situation that she faces [at work]." (Exh. E to

Pl.'s Supp. Sub.). Even when viewed in the light most favorable to Plaintiff, the medical report

---

[6] To the extent that the complaint can be construed to bring a § 1983 claim based on a violation of
Title VII against Defendant City, the Court finds that said claim would fail as Plaintiff has failed to
show that Defendant City engaged in intentional discrimination based on Plaintiff's race. Fuentes,
286 Fed.Appx 781, 784 (3d Cir. 2008) (citing Caver, 420 F.3d at 262-63).

11

submitted by Plaintiff does not indicate what specific conduct was the proximate *cause* of

Plaintiff's alleged severe emotional distress. The report merely indicates that an alleged

preexisting "clinical" condition of the Plaintiff is exacerbated by the "situation" at work without

identifying the nature of the "situation" referred to and how and to what extent it exacerbates her

condition. Therefore, the Court finds that Plaintiff has failed to make a sufficient showing

regarding proximate cause.

Accordingly, since Plaintiff has failed to make a sufficient showing regarding an essential

element of her case upon which she will bear the burden of proof at trial, all other facts are

necessarily immaterial and summary judgment must be granted. Celotex, 477 U.S. at 321.

Therefore, Plaintiff's fifth claim for relief is dismissed with prejudice as to all defendants.

**F.      Sixth Claim for Relief – Retaliation**

Although none of the Defendants expressly move for summary judgment with respect to

Plaintiff's sixth claim for relief, it is apparent from their motion papers that each seeks to dismiss

Plaintiff's entire complaint. Plaintiff's complaint does not state what law the alleged retaliation

violated.   However, even though at this stage of the case Plaintiff's failure to do so is enough to

dismiss the claim with prejudice, for purposes of completeness the Court will address the merits of

the retaliation claim under both Title VII and the NJLAD.   (Pl.'s Supp. Sub. at p. 32).

To establish a prima facie claim of retaliation under either Title VII or the NJLAD, a

plaintiff must show: "(1) that he engaged in a protected activity; (2) that he suffered an adverse

employment action; and (3) that there was a causal connection between the protected activity and

the adverse employment action." Cardenas, 269 F.3d at 263. For an employment decision to

constitute "adverse employment action" for purposes of the NJLAD, "retaliatory conduct must

affect adversely the terms, conditions, or privileges of the plaintiff's employment or limit,

segregate or classify the plaintiff in a way which would tend to deprive her of employment opportunities or otherwise affect her status as an employee." Marrero v. Camden County Bd. of Social Services, 164 F.Supp.2d 455, 473 (D.N.J.2001) (quoting Hurley v. Atlantic City Police Dep't, 1998 WL 351781 (D.N.J.1998), aff'd 174 F.3d 95 (3d Cir.1999)); see also Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (retaliatory conduct other than discharge or refusal to rehire is thus proscribed by Title VII only if it alters the employee's "compensation, terms, conditions, or privileges of employment," deprives him or her of "employment opportunities," or "adversely affect[s] his [or her] status as an employee.") (quoting Smart v. Ball State University, 89 F.3d 437, 441 (7th Cir.1996)).

Here, of the evidence provided by Plaintiff in support of her retaliation claims, the only evidence that could possibly rise to the level of an adverse employment action is that she "was deprived of her part-time job with the City." (See Pl.'s Supp. Sub. at p. 34).   However, yet again, Plaintiff fails to provide the Court with a factual citation to the record in support of this allegation. It is not the Court's responsibility to sift through Plaintiff's submissions in an attempt to find evidence which supports or provides better context for each of Plaintiff's allegations. See, e.g., Albrechtsen, 309 F.3d at 436. Furthermore, Plaintiff may not rely on unsupported assertions, bare allegations, and speculation to support her claim that she suffered intentional discrimination. See Ridgewood Bd. of Educ., 172 F.3d at 252.

For these reasons, Plaintiff's sixth claim for relief is DISMISSED with prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendants' motions are granted in their entirety. An appropriate order accompanies this opinion.

DATED: December 30, 2009                    /s/ Jose L. Linares
                                            UNITED STATES DISTRICT JUDGE

14